UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| RICHARD MCCRYSTAL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-434-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY STATE POLICE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On September 8, 2008, the Court granted Defendant Jack Miniard's ("Miniard") motion to dismiss the claims asserted against him in his official capacity. However, because the Court has extended the time within which the Plaintiff could complete service of process under Rule 4(m) of the Federal Rules of Civil Procedure, the motion to dismiss the claims asserted against Miniard in his individual capacity was denied. Thereafter, Miniard filed a second motion to dismiss the individual capacity claims. According to Miniard, the Plaintiff cannot prosecute those claims because he has failed to timely amend his Complaint to assert such claims. The Plaintiff has not filed a response to the Defendant's Second Motion to Dismiss.

Having reviewed the authorities cited in the pending motion to dismiss, the Court agrees that Plaintiff Richard McCrystal has not asserted claims against Miniard with the applicable time period. Accordingly, the Defendant's motion will be granted and the claims asserted against Miniard in his individual capacity will be dismissed, with prejudice.

-1-

**I.     Relevant Facts**[1]

On or about December 16, 2006, McCrystal was arrested allegedly due to an altercation that occurred two night earlier involving Jeff Wilson, the son-in-law of a KSP trooper. After being handcuffed and placed in Defendant Moore's cruiser, McCrystal asserts that he was taken to a closed campground near Corbin, Kentucky, taken from the cruiser, questioned and beaten.

McCrystal asserts that,

> 28.  As a direct and proximate result of the . . . unlawful and malicious physical abuse of Plaintiff by Ridener and Moore under the color [of] law and under their authority as Kentucky State Police Officers, the Plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person against unreasonable searches and seizures of his person and his right to be free from excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

*   *   *

> 32.  Unknown Supervisor to Moore and Ridener was at all times relevant the supervisor with the Kentucky State Police with oversight responsibility for Moore and Ridener. Unknown Supervisor was responsible for training, instruction, supervision and discipline of Moore and Ridener who beat the Plaintiff.
>
> 33.  It is believed that the Kentucky State Police and Unknown Supervisor received complaints about the conduct of either Moore or Ridener, and knew about past complaint, aberrant behavior, disciplinary infractions, or had knowledge that Moore or Ridener posed a pervasive and unreasonable risk of harm to Plaintiff.
>
> 34.  It is believed that the Kentucky State Police and the Unknown Supervisor failed to take preventative and remedial measures to guard against the brutality the Plaintiff suffered. If the Kentucky State Police and Unknown Supervisor had taken such remedial action, the beating of the Plaintiff would not have occurred.

---

[1]    The factual summary is taken from the Plaintiff's pleading and is outlined in the Court's September 8, 2008, Memorandum Opinion and Order. [Record No. 14]

>   35. Acting under color of law and pursuant to official policy, practice, or custom, Defendants Kentucky State Police and Unknown Supervisor intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, defendants Moore and Ridener in their duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using unreasonable and excessive force before, during, or after making an arrest. Amounting to a deliberate indifference to the constitutionally protected rights of the Plaintiff. [sic]

[Record No. 1; Complaint]

## II.     Procedural History

McCrystal filed this action on December 16, 2007 – the one year anniversary date of the alleged incident. [Record No. 1; Complaint] The record of the proceeding indicates that, while Summons were issued by the Clerk of Court on the date the Complaint was filed, they were not picked-up. As a result, on December 20, 2007, the Summons issued by the Clerk were mailed to McCrystal's counsel.

On August 1, 2008, McCrystal moved the Court for an extension of time to serve the Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. [Record No. 3] As grounds for this motion, counsel asserted that Defendants Moore and Ridener were indicted in state court on the underlying claims and that he had made several unsuccessful attempts to locate them and complete service. This motion was granted on August 5, 2008, and the Plaintiff was given thirty days to complete service of process over the Defendants. [Record No. 7]

Summons filed in the record indicates that Defendant Ridener was served with process on August 1, 2008, by Susan Gipson, a person apparently employed as a legal assistant by the Plaintiff's attorney. [Record Nos. 4 & 5] Moore was served on August 12, 2008. [Record No. 11]  Further, although the Plaintiff did not seek to amend his Complaint to assert either

individual or official capacity claims against Miniard, he was served with Summons dated December 16, 2007, by leaving a copy at Kentucky State Police Post 11 in London, Kentucky, on August 1, 2008. [Record No. 6]

On August 6, 2008, shortly after receiving notice of service of Summons, Miniard moved the Court to dismiss the claims against him. [Record No. 8] After reviewing the Miniard's motion, the Court granted the motion, in part, and dismissed the claims asserted against him in his official capacity.[2] The Court concluded that, as an employee of the Kentucky State Police, Miniard was entitled to Eleventh Amendment immunity protecting him from the federal claims asserted under 42 U.S.C. § 1983. [*See* Record No. 14, p. 4-5.] Further, the Court held that Miniard was entitled to governmental immunity from the state law claims asserted against him in his official capacity. [*See* Record No. 14, pp. 5-7.] However, because factual issues precluded application of qualified immunity *via* a motion to dismiss, the Court denied the motion to dismiss the individual capacity claims. [See Record No. 14, pp. 7-8]

### III. Miniard's Second Motion to Dismiss

On September 10, 2008, Miniard filed a second motion to dismiss, arguing that dismissal of the claims asserted against him in his individual capacity was appropriate because the Plaintiff had not amended his Complaint in a timely manner to assert any claims against him. Miniard points out that: (1) he is not named as a defendant in the Complaint which asserts claims against an unknown supervisor; (2) McCrystal served Summons on him even though he has not moved

---

[2] The Plaintiff did not respond to Miniard's motion to dismiss.

the Court to name him as a Defendant; and (3) he did not receive notice of the action until more than 120 days had expired from the date of the filing of the Complaint.[3]

It appears undisputed that a one-year statute of limitations is applicable to the Plaintiff's claims. *See* K.R.S. 413.140(1)(a). Thus, he filed his Complaint just one day before the statute of limitations would have expired. However, according to Miniard, because more that 120 days beyond the one year period had expired before he was served, the claims asserted against him cannot be timely unless service of summons relates back to the date of the filing of the Complaint under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure.[4] As discussed in *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996), and *Force v. City of Memphis*, 101 F.3d 702 (6th Cir. 1996) (Table; text in Westlaw at 1996 WL 665609), the substitution of a named defendant in place of a previously unknown defendant is considered a change of parties and not a mere substitution. Thus, it does not satisfy the mistake in identity requirement under Rule 15(c). As the Sixth Circuit held in *Force*:

> Under Rule 15(c)(3)(B), an amended complaint that adds a new defendant relates back to the original complaint only if the newly-named defendant "knew or

---

[3] Once again, the Plaintiff has failed to respond to Miniard's motion. Therefore, the Court will again examine the Defendant's arguments without the benefit of a response from McCrystal.

[4] This rule provides:

> An amendment to a pleading relates back to the date of the original pleading . . . when the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1)(C).

>should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [him]." We have recently held that this requirement is not satisfied where the caption of the original complaint refers to "unknown police officers" and, after the expiration of the applicable limitations period, an amended complaint specifically names those officers . . . . In doing so, we concurred in the reasoning of several other courts of appeals that the mistake provision of Rule 15(c)(3)(B) requires, as it language suggests, a mistake or misnomer in the name of the original defendant, and that a plaintiff's lack of knowledge of the names of the "unknown officers" is not such a mistake or misnomer.

*Id*. at \*\* 3-4 (citations omitted). Other authorities cited by Miniard support this conclusion. *See Moore v. Tennessee*, 267 Fed.Appx. 450, 455-56 (6th Cir. 2008) (relation back of amendment not allowed where plaintiff was unaware of identities of deputies that she sought to join in the action); *Ford v. Hill,* 874 F.Supp 149, 154 (E.D.Ky. 1995) (relation back of amended pleading not allowed where plaintiff sought to substitute named officers for unknown defendants).

In the present case, Miniard was not timely served with the Summons and Complaint. In fact, as of this date, the Plaintiff has not sought to amend his Complaint to properly name Miniard as a party defendant. Under such circumstances, and under the authorities cited above, such a motion would be futile at this point because as any amendment would not relate back such that claims asserted against Miniard would be timely. Accordingly, it is hereby

**ORDERED** that Defendant Jack Miniard's Second Motion to Dismiss [Record No. 16] the remaining claims against him is **GRANTED**. All claims asserted against Jack Miniard are **DISMISSED**, with prejudice.

This 30th day of September, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge