UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| RICHARD MCCRYSTAL, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 6: 07-434-DCR |
| V. | ) ) | |
| JAMES MOORE, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Defendant James Moore moves the Court for a partial judgment on the pleadings on the grounds that the federal and state claims asserted against him are barred by sovereign and official immunity. [Record No. 29] In response, Plaintiff Richard McCrystal argues that the claims against Moore in his *individual* capacity should not be dismissed. [Record No. 32] However, McCrystal's response does not address the issue presented — whether sovereign and official immunity bar the claims asserted against Moore in his *official* capacity. For the reasons discussed below, the Court will grant Moore's motion for a partial judgment on the pleadings.

**I.    BACKGROUND**

McCrystal claims that, on or about December 16, 2006, he was beaten by Kentucky State Police ("KSP") officers Mark Ridener and James Moore in connection with an arrest occurring earlier on that date. McCrystal filed this action on December 16, 2007, asserting federal and state claims against Ridener, Moore, and KSP Major Jack Miniard in their official and individual capacities.

-1-

The Court has previously held that the federal and state claims asserted against Defendants Miniard and Ridener are barred by sovereign and official immunity. [Record No. 14, 24] Defendant Moore argues that the same rationale used by the Court in these two opinions applies to him as well. Thus, he contends that his motion should be granted, and the claims asserted against him in his official capacity should be dismissed. [Record No. 29]

### III.   STANDARD OF REVIEW

After the pleadings have been closed, a party may move for a judgment on the pleadings as long as the motion is made early enough so as not to delay trial. FED. R. CIV. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (*quoting JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). It is only appropriate for a court to grant a motion for judgment on the pleadings "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *Id.* (*quoting Winget*, 510 F.3 at 582).

### IV.   ANALYSIS

#### A.   Federal Claims Asserted Against Moore in his Official Capacity

Moore asserts that Eleventh Amendment immunity prohibits McCrystal from suing him in his official capacity pursuant to 42 U.S.C. § 1983 ("§ 1983"). Thus, Moore moves the court to dismiss the federal claims asserted against him in his official capacity. [Record No. 29] Generally, § 1983 provides litigants with a federal forum to remedy many deprivations of civil

liberties. *Wills v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). However, state entities possess Eleventh Amendment immunity and, absent a wavier of this immunity, cannot be sued under § 1983. *Id.*

As an arm of the executive branch of the Commonwealth of Kentucky, the KSP is entitled to Eleventh Amendment immunity. Likewise, employees of the KSP sued in their official capacities are entitled to the same Eleventh Amendment protection from federal claims. *See Will,* 491 U.S. at 71; *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (state employees sued in their official capacities cannot be held liable for money damages under § 1983).

Here, the facts relevant to the Eleventh Amendment inquiry are undisputed. McCrystal does not dispute that the KSP is a state entity. The KSP is a statutorily-created department within the Justice and Public Safety Cabinet tasked with statewide law enforcement jurisdiction. *See* K.R.S. § 16.060. Further, its budget is funded by the Kentucky General Assembly. K.R.S. § 16.050(1). Thus, the KSP is unquestionably an arm of the executive branch of the Kentucky state government. Additionally, McCrystal acknowledges that, at the time of the incident giving rise to this action, Moore was officially employed by the KSP. [Record No. 1, p. 3] Thus, McCrystal's Verified Complaint establishes that at the time of the incident in question Moore was employed in an official capacity by a state entity.

Since the KSP has not waived its sovereign immunity for claims such as those asserted by McCrystal, it cannot be held liable for monetary damages arising from alleged federal civil rights violations. As outlined above, when sued in his official capacity under § 1983, Moore also

cannot be held liable for monetary damages. Accordingly, Defendant James Moore's motion to for a partial judgment on the pleadings will be granted as to the federal claims asserted against him in his official capacity.

### B. State Claims Asserted Against Moore in his Official Capacity

In addition to asserting the federal claim under § 1983 for alleged unreasonable and excessive force, McCrystal asserts state law claims against Moore for assault and battery (Count III), and outrageous conduct (Count IV). To the extent that these state law claims have been asserted against Moore in his official capacity, he has moved the Court to dismiss them under a claim of official/governmental immunity.[1]

Under Kentucky law, state agencies possess governmental immunity from suit when an action is premised on the agency's performance of a governmental (as opposed to a proprietary) function. *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001). Here, there is no dispute that the law enforcement functions of the KSP and its employees are governmental – not proprietary. As the Supreme Court of Kentucky explained in *Yanero,* 65 S.W.3d at 517–519, governmental and sovereign immunity are separate and distinct concepts that have been used interchangeably in a number of Kentucky appellate decisions.

> "Governmental immunity" is the public policy, derived from the traditional doctrine of sovereign immunity, that limits imposition of tort liability on a government agency. . . . The premise is that courts should not be called upon to pass judgment on policy decisions made by members of coordinate branches of government in the context of tort actions, because such actions furnish an

---

[1]  Governmental immunity is absolute (as opposed to qualified) and extends to the state agency or entity. When this immunity is extended to employees of state agencies or entities while acting in their official capacities, such immunity is often classified as official immunity. This immunity extended to employees is also absolute. When sued in their individual capacities, such employees may also claim qualified immunity.

>>inadequate crucible for testing the merits of social, political, or economy policy. . . . Thus, a state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary function.

*Yanero*, 65 S.W.3d at 519 (citations omitted).

A suit against a governmental officer in his official capacity is the same as a suit against the government agency for whom the officer works. *McMillian v. Monroe County*, 520 U.S. 781, 785 n.2 (1997) (citations omitted). This is because a victory in such an official capacity suit imposes liability not on the officer, but on the government agency itself. *Id.* Accordingly, under Kentucky law, governmental immunity extends to employees acting in their official capacities. *Yanero*, 65 S.W.3d at 521–22. *See also*, *Autry v. Western Kentucky University*, 219 S.W.3d 713, 717 (Ky. 2007) ("If a state agency is deemed to have governmental immunity, its officers or employees have official immunity when they are sued in their official or representative capacity.").

In addition to the protections provided to state agencies and employees performing governmental functions, some employees are also entitled to "official immunity." Once again, the Supreme Court of Kentucky's opinion in *Yanero v. Davis, supra*, provides further guidance in explaining this concept. As the court noted,

>>"Official immunity" is immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions. It rests not on the status or title of the officer or employee, but on the function performed. *Salyer v. Patrick*, 874 F.2d. 374 (6th Cir. 1989). Official immunity can be absolute, as when an officer or employee of the state is sued in his/her representative [*i.e.*, official] capacity, in which event his/her actions are included under the umbrella of sovereign immunity . . . . Similarly, when an officer or employee of a governmental agency is sued in his/her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled. . . .

*Yanero*, 65 S.W.3d at 521–22.  *See also, Jones v. Lathram,* 150 S.W.3d 50, 53 (Ky. 2004).

Moore is entitled to the protections provided by official/governmental immunity with respect to the state law claims asserted against him in his official capacity because, at the time alleged by McCrystal, he was employed in an official capacity by the KSP.  As a state agency, the KSP is cloaked with official/governmental immunity.  And under Kentucky law, this immunity extends to employees of state agencies when they are sued in their official capacity.  Accordingly, Defendant James Moore's motion to for a partial judgment on the pleadings will be granted as to the state claims asserted against him in his official capacity.

### V.    CONCLUSION

For the reasons discussed herein, it is

**ORDERED** that Defendant James Moore's motion for a partial judgment on the pleadings [Record No. 29] is **GRANTED**.  Accordingly, all claims asserted against Defendant James Moore in his official capacity are dismissed.

This 23rd day of January, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge